PROB 12C
(6/16)

Report Date: April 3, 2019

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Apr 03, 2020**

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Caleb Vaden Dormaier          Case Number: 0980 2:11CR00107-SAB-14

Address of Offender:          Ephrata, Washington 98823

Name of Sentencing Judicial Officer:  The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Name of Supervising Judicial Officer:  The Honorable Stanley A. Bastian, U.S. District Judge

Date of Original Sentence: October 3, 2012

| | |
|---|---|
| Original Offense: | Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B) and 846 |
| Original Sentence: | Prison - 60 months; TSR - 60 months          Type of Supervision: Supervised Release |
| Sentence Reduction: November 9, 2015 | Prison - 50 months; TSR - 60 months |
| Revocation Sentence: October 2, 2018 | Prison - 9 months TSR - 27 months |
| Asst. U.S. Attorney: | Earl A. Hicks          Date Supervision Commenced: June 11, 2019 |
| Defense Attorney: | John Gregory Lockwood          Date Supervision Expires: September 10, 2021 |

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #2**: The defendant shall not unlawfully possess a controlled substance including marijuana, which remains illegal under federal law. |

**Supporting Evidence**: Caleb Vaden Dormaier is considered to be in violation of his supervised release by possessing marijuana on January 3, 2020.

On June 17, 2019, an officer reviewed the revocation judgement and sentence with Caleb Vaden Dormaier. He signed the document indicating he understood the conditions which included mandatory condition number 2. He was provided with a copy of the signed revocation judgement.

Prob12C
**Re: Dormaier, Caleb Vaden**
**April 3, 2020**
**Page 2**

According to the Soap Lake Police Department report, on January 3, 2020, an officer observed a vehicle complete a turn without utilizing a turn signal.  The officer completed a traffic stop and contacted the driver identified as Caleb Vaden Dormaier.  The officer noted Mr. Dormaier was slurring his speech and had a hard time staying focused.  Mr. Dormaier provided the officer with his license and registration.  The officer asked Mr. Dormaier if he had anything to drink or if he had ingested any drugs, to which Mr. Dormaier responded, "no."

Mr. Dormaier voluntarily preformed several field sobriety tests and was arrested for driving while under the influence.  He was handcuffed and placed in a patrol vehicle.

According to the police report, an officer observed a mason jar containing marijuana in the back pocket of the passenger seat in Mr. Dormaier's vehicle.  The officer also observed a pill bottle with Mr. Dormaier's name on it.

The Officers obtained consent from Mr. Dormaier to search the vehicle.  The officers looked at the pill bottle and confirmed  Mr. Dormaier's name was on it.  An officer observed one pill inside the bottle.  An officer retrieved the mason jar containing the marijuana.  The jar was observed to be approximately half-full of marijuana.

After completing the search of the main area of the vehicle, an officer moved to the trunk.  At this time, Mr. Dormaier revoked the consent to search the vehicle and the search was terminated.  The officers had the vehicle towed to the local police department with a plan to obtain a search warrant for the vehicle.

Shortly thereafter, Mr. Dormaier was transported to the local hospital for a voluntary blood draw to determine if he had marijuana in his blood stream. The results are pending.

On March 5, 2020, this officer learned that officers from the Soap Lake Police Department chose not to obtain a search warrant for the vehicle driven by Mr. Dormaier.

On or about January 8, 2020, the vehicle driven by the offender was returned to Mr. Dormaier's sister as she is the registered owner.

On January 8, 2020, and again on March 6, 2020, Mr. Dormaier explained he gave a friend a ride in the vehicle.  The offender said his friend must have left the marijuana in the vehicle as he, Mr. Dormaier, did not know the marijuana was in his vehicle until an officer located it during the search.

Mr. Dormaier's friend, Steve Albin, called this officer on April 3, 2020, and advised the marijuana found in Mr. Dormaier's vehicle from the January 2020 incident, belongs to him.  He said he was with Mr. Dormaier in December 2020, in Spokane, Washington, when Mr. Dormaier was involved in a vehicle accident.  He stated he left his marijuana in the vehicle but could not remember where because, "I was smoking a lot of marijuana and I was really high so I don't remember where I left the marijuana in his vehicle."  Mr. Albin indicated Mr. Dormaier was not smoking the marijuana.

Prob12C
**Re: Dormaier, Caleb Vaden**
**April 3, 2020**
**Page 3**

2      **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: Caleb Vaden Dormaier is considered to be in violation of his period of supervised release by submitting a random urine sample on September 18, October 22, and December 10, 2019; February 5, and March 18, 2020, which were all determined to be dilute through laboratory analysis.

On June 17, 2019, an officer reviewed the revocation judgement and sentence with Caleb Vaden Dormaier. He signed the document indicating he understood the conditions which include standard condition number 13. He was provided with a copy of the signed revocation judgement.

On June 17, 2019, the Eastern District of Washington testing instructions were reviewed and signed by Mr. Dormaier acknowledging he understood the instructions. The testing instructions gave Mr. Dormaier a guideline and the expectation of the urine testing program as they relate to following this officer's instructions and the Court's directive to comply with urine testing. Mr. Dormaier was provided with a copy of the document. Mr. Dormaier acknowledged he would not adulterate or manipulate a drug screen test, as noted in number 15 of the testing instructions.

Caleb Vader Dormaier submitted a random urine sample on September 18, October 22, and December 10, 2019; February 5, and March 18, 2020, which were all determined to be dilute through laboratory analysis.

Mr. Dormaier missed his random urine test on December 6, 2019. On December 9, 2019,the offender agreed he would make up the random drug test that day. Later that day, this officer received a text message from Mr. Dormaier indicated he was having health concerns, possibly lung problems and was at his doctor's office all afternoon which caused him to miss his make up urine drug test.

Mr. Dormaier agreed he would make up the urine test the following day and provided documentation of being at his doctor's office on March 9, 2019. Mr. Dormaier made up the urine sample on December 10, 2019, which was sent to the laboratory for testing. The specimen was determined to be dilute. Mr. Dormaier failed to provide any documentation from his doctor's office confirming he was at the doctor's office completing said tests from the previous day.

Mr. Dormaier's explanation for the dilute test from December 10, 2019, was that he had a lung infection and the doctor told him to drink lots of water with the medications he was taking.

On December 9, 2019, this officer requested confirmation of the lung infection as well and the doctor's directive to drink a lot of water in January 2020.

On March 11, 2020, Mr. Dormaier provided this officer with medical documentation from his medical appointment from December 9, 2019, which indicates Mr. Dormaier was treated for Bronchitis. Mr. Dormaier was prescribed medications and was encouraged to take the medications with food and water.

**Prob12C**
**Re: Dormaier, Caleb Vaden**
**April 3, 2020**
**Page 4**

3        **Special Condition # 3**: You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to attend his recommended treatment session at Social Treatment Opportunity Program (STOP) in Moses Lake, Washington, during the month of December 2019.

On June 17, 2019, an officer reviewed the revocation judgement and sentence with Caleb Vaden Dormaier. He signed the document indicating he understood the conditions which included special condition number 3. He was provided with a copy of the signed revocation judgement.

Caleb Vader Dormaier completed a substance abuse assessment on September 6, 2019, which recommended he attend a 6-month chemical dependency treatment program. Mr. Dormaier failed to attend any of his treatment sessions during the month of December 2019.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    April 3, 2020

s/Stephen Krous

Stephen Krous
U.S. Probation Officer

THE COURT ORDERS

[  ]   No Action
[  ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[  ]   Other

_Stanley A. Bastian_

Signature of Judicial Officer

4/3/2020

Date