PROB 12C
(6/16)

Report Date: May 29, 2020

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 29, 2020

SEAN F. McAVOY, CLERK

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: Caleb Vaden Dormaier           Case Number: 0980 2:11CR00107-SAB-14

Address of Offender:                                  Ephrata, Washington 98823

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Stanley A. Bastian, U.S. District Judge

Date of Original Sentence: October 3, 2012

Original Offense:        Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846

Original Sentence:       Prison - 60 months          Type of Supervision: Supervised Release
                         TSR - 60 months

Sentence Reduction:      Prison - 50 months
November 9, 2015         TSR - 60 months

Revocation Sentence:     Prison - 9 months
September 27, 2018       TSR - 27 months

Asst. U.S. Attorney:     Earl A. Hicks               Date Supervision Commenced: June 11, 2019

Defense Attorney:        Federal Defenders Office    Date Supervision Expires: September 10, 2021

---

**PETITIONING THE COURT**

To issue a warrant and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on April 3, 2020, and on May 1, 2020.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number | Nature of Noncompliance

9 | **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Caleb Vaden Dormaier is considered to be in violation of his supervised release by testing positive for amphetamine, methamphetamine, marijuana metabolites and opiates at the time of his admission into Pioneer Center East (PCE) inpatient treatment on May 11, 2020.

On June 17, 2019, a probation officer reviewed the revocation judgement and sentence with Caleb Vaden Dormaier. He signed the document indicating he understood the conditions, which included special condition number 4. He was provided with a copy of the signed revocation judgement.

On May 13, 2020, this officer spoke with Mr. Dormaier's counselor who indicated the offender was positive for amphetamine, methamphetamine, marijuana metabolites and morphine upon admission into PCE. The sample was sent for further analysis.

The counselor indicated Mr. Dormaier was refusing to allow the counselor to disclose any laboratory results from the urine sample to U.S. Probation because he was concerned the results would lead to a warrant for his arrest.

Later that same day, this officer spoke with Mr. Dormaier and explained the results would be reported to the Court as another violation, but because he was involved in treatment services this officer would not be requesting a warrant. Mr. Dormaier finally agreed to sign the release of information form, allowing the program to release the laboratory test results to this officer.

On May 23, 2020, the urine sample from May 11, 2020, was confirmed by Millennium Health to be positive for amphetamine, methamphetamine, marijuana metabolites and opiates.

| 10 | **Special Condition #3:** You must undergo a substance evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence**: Caleb Vaden Dormaier is considered to be in violation of his supervised release by being unsuccessfully discharged from the inpatient substance abuse treatment program at PCE, on May 26, 2020, for failing to follow program rules.

On June 17, 2019, a probation officer reviewed the revocation judgement and sentence with Caleb Vaden Dormaier. He signed the document indicating he understood the conditions, which included special condition number 3. He was provided with a copy of the signed revocation judgement.

According to staff at PCE, On May 18, 2020, at 12:06 a.m., Mr. Dormaier came out of his room cussing about something and tried to go out the smoking door. He then tried to enter the television room and group room, but the doors were locked. At 3:45 a.m., Mr. Dormaier and another patient went into the restroom. After they left the bathroom, a staff member went into the bathroom and detected a strong odor of cigarette smoke. At 5:50 a.m., Mr. Dormaier attempted to take food into his room. At 3:39 p.m., Mr. Dormaier was heard making several orders on the phone for different clothing items. A staff member encouraged Mr. Dormaier to take the energy he was using to break the rules and use the energy for recovery-oriented behaviors.

Prob12C
**Re: Dormaier, Caleb Vaden**
**May 29, 2020**
**Page 3**

On May 22, 2020, Mr. Dormaier came down the hall and asked why there was not enough coffee and the staff member directed him to lower his voice as another staff member was on the phone. He then told the staff member, "Ok I will just take it downstairs myself." He proceeded to go behind a curtain and acted as if he was going to go downstairs. The staff member handed him a Relapse Behavior Group (RBG) packet and was told he was given the packet for speaking loudly after staff had asked him to stop and going behind the curtain. He slid the pack under the door and said he was not going to complete it.

On May 24, 2020, staff at PCE were addressing two other patients and their actions. One of the patients was being discharged and Mr. Dormaier became involved with the situation as he was unhappy the person was being discharged. The staff member encouraged Mr. Dormaier to "stay in his lane" but Mr. Dormaier failed to follow staff directives. Mr. Dormaier kept stating he felt it was his responsibility to make sure that if you come into treatment and are "white", he would have your back. Mr. Dormaier stated he was making sure they had cigarettes, hygiene products and other items. Staff attempted to provide feedback and direction to Mr. Dormaier without success.

It is noted, Mr. Dormaier was escalating and hyper verbal in his communication with staff. Mr. Dormaier was again provided feedback from staff regarding his behaviors and how others may view his choice of speech, his delivery and his non-verbal ques as aggressive, and somewhat verbally aggressive. Mr. Dormaier stated he disagreed with this perception. Mr. Dormaier was asked by staff why he felt the need to be involved in a situation that did not involve him and he told staff, it was his business and he was responsible for how his "white" peers behaved on the floor.

On May 26, 2020, this officer spoke with the clinical director from PCE who advised Mr. Dormaier would be removed from the substance abuse inpatient treatment program due to his noncompliant behaviors noted above, as well as the following: his urine specimen collected on May 17, 2020, showed his amphetamine levels were essentially unchanged and his marijuana metabolites levels had increased; the urine sample collected on May 18, 2020, showed the amphetamine levels had dropped by half, however, his marijuana metabolites levels had again increased; and lastly, because Mr. Dormaier was observed getting a "drop" at the fence from a person on the other side of the fence. This was captured on the facility's surveillance cameras.

On May 26, 2020, Mr. Dormaier stated to a staff member, "I am sure that you heard that I had candy dropped off. They went to the front door but could not get in and they were going to leave but I told them heck no just give it to me through the fence."

The staff member told Mr. Dormaier, even if the candy had come through the front door, the candy would have been put in storage as food and cannot be brought into the facility. Mr. Dormaier then told the staff member he had been "piss tested 3 days in a row and his number should be going down." Mr. Dormaier asked the staff member, "if they haven't kicked me out yet they probably aren't going to right?" The staff member told Mr. Dormaier the counselors make those types of decisions.

Prob12C
**Re: Dormaier, Caleb Vaden**
**May 29, 2020**
**Page 4**

On May 27, 2020, Mr. Dormaier called this officer and advised he was being removed from PCE due to his urine tests continuing to be positive for illegal drugs, for noncompliant disruptive behaviors, and failing to comply with the behavior contact.

Mr. Dormaier denied using any illegal substances and his explanation for why he was still positive for any illegal substances was because he had "laid around the first couple of days at the treatment center and I started exercising so it is active in my system." He also said, "And for the behavior contact, I never signed a behavior contract and I don't know what they are talking about. If I get myself into another inpatient treatment facility, will you not ask for a warrant? I hope to be in a different treatment facility by the end of the week." This officer asked him where he would be staying that night and he said he did not know, but he was trying to get into another treatment facility.

As a result, Mr. Dormaier was unsuccessfully discharged from PCE and failed to successfully complete the recommended inpatient substance abuse treatment program.

11  **Standard Condition #2:** After initially reporting to the probation office, you will receive instruction from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Caleb Vaden Dormaier is considered to be <u>in</u> violation of his supervised release by failing to report his whereabouts on May 27, 2020, as directed by this officer.

On June 17, 2019, a probation officer reviewed the revocation judgement and sentence with Caleb Vaden Dormaier. He signed the document indicating he understood the conditions, which included standard condition number 2. He was provided with a copy of the signed revocation judgement.

On May 27, 2020, this officer spoke with Mr. Dormaier who advised he was being discharged from inpatient treatment at PCE, due to noncompliant behaviors. He denied any wrongdoing. Mr. Dormaier said he would try to get into another inpatient treatment facility by the end of the week.

This officer directed Mr. Dormaier to contact me later in the day and report where he would be spending the night as this officer needed to know of his whereabouts. He stated he understood but hoped to be in a different inpatient substance abuse treatment facility by the end of the week because he did not want a warrant to be issued.

This officer explained to Mr. Dormaier, the Court would be advised of his removal from PCE's inpatient program due to his noncompliant behaviors and that he failed to successfully complete the treatment program. As of the writing of this report, Mr. Dormaier has failed to report as directed. Further, his current whereabouts are unknown.

The U.S. Probation Office respectfully recommends the Court issue a warrant and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

Prob12C
**Re: Dormaier, Caleb Vaden**
**May 29, 2020**
**Page 5**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   May 29, 2020

s/Stephen Krous

Stephen Krous
U.S. Probation Officer

---

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[X]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

*Stanley A. Bastian*

Signature of Judicial Officer

5/29/2020

Date